BARRY ROSEN
136 S. Clark Dr. #5
Los Angeles, CA 90048
Tel: (323) 653-2043

In Pro Per



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN, Individually and as a Private Attorney General<br><br>Petitioner and Plaintiff,<br><br>vs.<br><br>UNITED STATES GOVERNMENT, FEDERAL AVIATION ADMINISTRATION, AND CITY OF SANTA MONICA,<br><br>Respondents and Defendants. | Case No. 17-CV-07727-PSG-JEMx<br><br>**PLAINTIFF'S RESPONSE AND OPPOSITION TO EX DEFENDANTS EX PARTE APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PETITION**<br><br>[Declaration of Barry Rosen filed concurrently herewith] |

Plaintiff hereby opposes Defendant City of Santa Monica's ("CSM") untimely, improper and bad faith Ex Parte application for an extension of time to respond to petition filed on November 8, 2017 on the following grounds:

### 1. Failure to comply with the Courts Standing Order ¶ 10.

Pursuant to Paragraph 10 of the Courts Standing Order "The moving party **shall serve** the opposing party by facsimile transmission and shall notify the

PLAINTIFF'S RESPONSE/OPPOSITION TO DEFENDANTS EX PARTE

1

opposition that opposing papers must be filed not later than 3:00 p.m. on the first business day following such facsimile service."

It is clear that Defendant CSM fully failed to comply with ¶ 10 by serving Plaintiff with a facsimile transmission as required and was therefore precluded from filing their ex parte application in the first instance (Declaration of Barry Rosen ¶¶ 3-4 ). Moreover as will be discussed further below, Defendant CSM admittedly, simply left a phone message for Plaintiff on a day that they specifically knew that Plaintiff would be unavailable.

The Court should therefore deny Defendants' ex parte application for failure to comply with ¶ 10 of its standing order.

### 2. Failure to serve Plaintiff with the Ex Parte Application

As noted above, Defendant CSM not only failed to serve Plaintiff with a facsimile transmission as required under ¶ 10 of the courts standing order, but also fully failed to serve Plaintiff with their Ex Parte application documents pursuant Fed. R. Civ. P. 5. As a result, Plaintiff had to obtain the documents on his own (Declaration of Barry Rosen ¶¶ 4-6 ).

The Court should therefore deny Defendants' ex parte application for failure to serve Plaintiff with documents as required under Fed. R. Civ. P. 5.

### 3. Failure to comply with Local Rule 7-19.1

Defendant CSM admittedly had been made aware of that fact that Plaintiff was unavailable on November 8, 2017 due to a surgical procedure, yet decided in bad faith to improperly take advantage of the situation by filing an ex parte on a day that they clearly knew that they would not be able to reach out to Plaintiff. In fact, in his phone message left for Plaintiff at approximately 3:41 PM on

November 8, 2016, Mr. O'Conner even acknowledges the fact that he was aware of the medical procedure that I probably might not be able to respond back until the next day (Declaration of Barry Rosen ¶ 3 ). Moreover, Defendant CSM also failed to take into account that Plaintiff would be temporarily impaired on November 8, 2017 due to having been given medications required for the medical procedure and was therefor legally precluded from making any decisions related to this matter.

    Because Defendant CSM clearly knew that Plaintiff was unavailable on November 8, 2017, and should have know that Plaintiff would be temporarily impaired. It is wholly clear that there is no way whatsoever that Defendant CSM have not made a good faith effort to comply with Local Rule 7-19.1. As a result, the Court should therefore deny Defendant's ex parte application for failure to comply with Local Rule 7-19.1.

### 4. No Actual Emergency Exists to Justify Ex Parte Relief

    Defendant CSM themselves are at fault for creating the situation for which they now seek ex parte relief. Defendants clearly had ample time after they were served with the Complaint, to request a meet and confer with Plaintiff, but inexplicably failed to do so and instead waited until effectively 2 days before the L.R. 7-3 cutoff date, prior to even making such a meet and confer request to Plaintiff. Defendant CSM then waited until after the deadline date had passed to file its ex parte application, after it was clearly too late. Furthermore, Defendant CSM has also failed to demonstrate how it would be irreparably prejudiced, as it has numerous options available to it that can be heard at regularly noticed motion procedures. These include but are not limited to motions for judgment on the pleadings and a motion for summary judgment.

Quoting this courts previous rulings: "The law on ex parte applications is well-settled in the Ninth Circuit: In order to justify ex parte relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures, and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Additionally, the Court's Standing Order requires strict compliance with the Mission Power standard and makes clear that "[e]x parte applications are solely for extraordinary relief."

The "opportunities for legitimate ex parte applications are extremely limited." Horne v. Wells Fargo Bank, N.A., 969 F.Supp.2d 1203, 1205 (2013) (quoting Mission Power Engineering Co. v. Continental Casualty Co., 883 F.Supp. 488, 489 (C.D. Cal 1995)). To justify ex parte relief, the moving party must establish: (1) "that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Buchanan v. Neighbors Van Lines, No. CV 10-6206 PSG, 2010 U.S. Dist. LEXIS 98003, 2010 WL 3488209, *1 (C.D. Cal Sept. 1, 2010)(citing Mission Power, 883 F.Supp. at 492)

Therefore, because the purported crisis is of Defendants' own doing due to it own excusable neglect and because defendants have failed to demonstrate that they will be irreparably prejudiced, the court should deny the ex parte application.

Finally, Plaintiff notes that it will be filing concurrently with this Objection a Notice of Related Case pursuant to Local Rule 83-1.3 because Plaintiff now believes that the court should now act *Sua Sponte* and fully vacatur Case No. CV 13-8046- JFW (VBKx) in its entirety for the reasons given above and/or in the

PLAINITFF'S RESPONSE/OPPOSITION TO DEFENDANTS EX PARTE

Petition/Complaint.

    For the foregoing reasons, the court should now deny Defendant CSM's Ex Parte Application.

Respectfully submitted,

Dated: November 9, 2017

By: _____
Barry Rosen, In Propria Persona

PLAINITFF'S RESPONSE/OPPOSITION TO DEFENDANTS EX PARTE

LODGED

2017 NOV -9 PM 2:55

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| BARRY ROSEN, Individually and as a Private Attorney General<br><br>    Petitioner and Plaintiff,<br><br>vs.<br><br>UNITED STATES GOVERNMENT, FEDERAL AVIATION ADMINISTRATION, AND CITY OF SANTA MONICA,<br><br>    Respondents and Defendants. | Case No. 17-CV-07727-PSG-JEMx<br><br>[PROPOSED] ORDER DENYING DEFENDANTS EX PARTE APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PETITION |
|---|---|

    On reading the Respondants' ex parte application on file in this action, and Petitioners's opposition thereto, the Court finds that the ex parte it was improper as Defendants failed to comply with Paragraph 10 of this courts standing orders,

    IT IS ORDERED that Defendants Ex Parte application for extension of time to respond to petition is hereby DENIED

IT IS SO ORDERED.

Date: _____

                                                          _____
                                                          Hon Philip S. Gutierrez
                                                          United States District Judge

(PROPOSED) ORDER RE DEFENDANTS EX PARTE APLLICATION TO EXTEND TIME TO RESPOND

1