1  BARRY ROSEN
2  136 S. Clark Dr. #5
   Los Angeles, CA 90048
3  Tel: (323) 653-2043

   LODGED
   PROPOSED
   ORDER

4
5  In Pro Per

6
7              UNITED STATES DISTRICT COURT

8            CENTRAL DISTRICT OF CALIFORNIA

9          BARRY ROSEN,                    Case No. 17-CV-07727-PSG-JEMx
10 Individually and as a Private Attorney
   General
11                                          
              Petitioner and Plaintiff,    **PLAINTIFF'S RESPONSE AND**
12                                          **OPPOSITION TO DEFENDANTS**
                                            **EX PARTE APPLICATION FOR**
13              vs.                         **EXTENSION OF TIME TO MEET**
14 UNITED STATES GOVERNMENT,                **AND CONFER**
15 FEDERAL AVIATION
   ADMINISTRATION, AND CITY OF
16 SANTA MONICA,
17              Respondents and             [Declaration of Barry Rosen filed
   Defendants.                              concurrently herewith]
18
19

20
21
22         Plaintiff hereby opposes Defendants United States and Federal Aviation

23 Administration ("FAA") untimely, improper and bad faith Ex Parte Application for

24 an extension of time to meet and confer filed on February 6, 2018 on the following

25 grounds:

26

27 **1. Failure to comply with the Courts Standing Order ¶ 10.**

28 Pursuant to Paragraph 10 of the Courts Standing Order "The moving party

**shall serve** the opposing party by facsimile transmission and shall notify the opposition that opposing papers must be filed not later than 3:00 p.m. on the first business day following such facsimile service."

It is clear from a review of Defendant FAA's Ex Parte papers that they do not assert that they fully complied with ¶ 10 by serving Plaintiff with a facsimile transmission as required. In fact, as admitted by Defendants themselves, Defendants fully failed to send (or Serve) any copies of their Ex Parte Application on Plaintiff (Declaration of Barry Rosen ¶ 10 ). As a result Defendants were precluded from filing their ex parte application in the first instance

The Court should therefore deny Defendants' ex parte application for failure to comply with ¶ 10 of its standing order.

## 2. Failure to serve Plaintiff with the Ex Parte Application

As noted above, Defendant FAA not only failed to send/serve Plaintiff with a facsimile transmission as required under ¶ 10 of the courts standing order, but also fully failed to serve Plaintiff with their Ex Parte application documents pursuant Fed. R. Civ. P. 5. Such is also is clear from the fact that the filing of the Ex Parte Application was done with *no proof of service whatsoever*. Moreover, even though Plaintiff has recently obtained counsel in this Action, said counsel has not yet substituted in to the Action and thus does not yet appear as counsel of record. As a result, Plaintiff (acting in pro per) is still listed as counsel of record and would have needed to have been served pursuant to Fed. R. Civ. P. 5 for service to have been effective (Declaration of Barry Rosen ¶ 10 ). Plaintiff was clearly never served.

The Court should therefore deny Defendants' ex parte application for failure to serve Plaintiff with documents as required under Fed. R. Civ. P. 5.

PLAINITFF'S RESPONSE/OPPOSITION TO DEFENDANTS EX PARTE

2

1

2

### 3. No Actual Emergency Exists to Justify Ex Parte Relief

3

Defendant FAA themselves are at fault for creating the situation for which

4

they now seek ex parte relief. Defendants simply failed to comply with their

5

obligations under the local rules (and the courts standing order) to meet and confer

6

pursuant to L.R. 7-3. Now days after the cutoff date for such a meet and confer to

7

have taken place has passed, Defendants now seek to fix a issues that have clearly

8

resulted from their own negligence. As a result, Defendants have now seriously

9

embellished the facts try and make a case that they somehow were denied the

10

opportunity to meet and confer pursuant to L.R. 7-3. The real facts demonstrate

11

that Defendants never made any request to meet and confer until after the time to

12

do so had already passed (Declaration of Barry Rosen ¶¶ 3-9 ).

13

Defendant FAA has also failed to demonstrate how it would be irreparably

14

prejudiced, if it now has to actually file an answer to the Plaintiff's Second

15

Amended complaint due to its own failure comply L.R. 7-3. Moreover, Mr. Feldon

16

hasn't even provided any facts here or to Plaintiff as to what issues might be

17

waived or how a rule 12 motion to dismiss will somehow resolve the case, even if

18

he were now allowed do a meet and confer. (Declaration of Barry Rosen ¶ 9 ).

19

Plaintiff is aware that Mr. Feldon has consistently shown a lack of regard for

20

all of the rules, including but not limited to the local rules and courts standing

21

order. Plaintiff is further aware that many of the issues in this Action may be due to

22

negligence on the part of Mr. Feldon himself and as such, that  Mr. Feldon may

23

have a serious conflict of interest (Declaration of Barry Rosen ¶ 12 ).

24

Quoting this courts previous rulings: "The law on ex parte applications is

25

well-settled in the Ninth Circuit: In order to justify ex parte relief, the moving party

26

must establish (1) that its cause will be irreparably prejudiced if the underlying

27

28

1  motion is heard according to regularly noticed motion procedures, and (2) that it is

2  without fault in creating the crisis that requires ex parte relief, or that the crisis

3  occurred as a result of excusable neglect. See Mission Power Eng'g Co. v. Cont'l

4  Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Additionally, the Court's

5  Standing Order requires strict compliance with the Mission Power standard and

6  makes clear that "[e]x parte applications are solely for extraordinary relief."

7      The "opportunities for legitimate ex parte applications are extremely limited."

8  Horne v. Wells Fargo Bank, N.A., 969 F.Supp.2d 1203, 1205 (2013) (quoting

9  Mission Power Engineering Co. v. Continental Casualty Co., 883 F.Supp. 488, 489

10  (C.D. Cal 1995)). To justify ex parte relief, the moving party must establish: (1)

11  "that its cause will be irreparably prejudiced if the underlying motion is heard

12  according to regular noticed motion procedures"; and (2) "that it is without fault in

13  creating the crisis that requires ex parte relief, or that the crisis occurred as a result

14  of excusable neglect." Buchanan v. Neighbors Van Lines, No. CV 10-6206 PSG,

15  2010 U.S. Dist. LEXIS 98003, 2010 WL 3488209, *1 (C.D. Cal Sept. 1,

16

17  2010)(citing Mission Power, 883 F.Supp. at 492)

18      For the foregoing reasons, the court should now deny Defendant CSM's Ex

19  Parte Application.

20  Respectfully submitted,

21

22

23  Dated: February 7, 2018,

24  By:_____

25  Barry Rosen, In Propria Persona

26

27

28

PLAINITFF'S RESPONSE/OPPOSITION TO DEFENDANTS EX PARTE

4

## CERTIFICATE OF SERVICE

I, Gustavo Lamana, hereby certify that, on February 7, 2018, I served notice of Plaintiff's Opposition to Defendant FAA's Ex Parte Application for Extension of Time to Meet and Confer and its accompanying attachments upon Gary Feldon, Attorney for Co-Defendant US Government FAA via email to his known email address gary.d.feldon@usdoj.gov.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 7, 2018,

Gustavo Lamanna

1 | BARRY ROSEN
2 | 136 S. Clark Dr. #5
Los Angeles, CA 90048
3 | Tel: (323) 653-2043

4 |
5 | In Pro Per

6 |
7 | UNITED STATES DISTRICT COURT

8 | CENTRAL DISTRICT OF CALIFORNIA

9 |
10 | BARRY ROSEN,                                    **Case No. 17-CV-07727-PSG-JEMx**
Individually and as a Private Attorney
11 | General

      Petitioner and Plaintiff,           **DECLARATION OF BARRY**
12 |                                                **ROSEN IN SUPPORT OF**
13 |         vs.    **PLAINTIFF'S OPPOSITION TO**
                                                **DEFENDANTS *EX PARTE***
14 | UNITED STATES GOVERNMENT,                       **APPLICATION FOR EXTENSION**
15 | FEDERAL AVIATION                                **OF TIME TO MEET AND CONFER**
ADMINISTRATION, AND CITY OF
16 | SANTA MONICA,
17 |       Respondents and
18 | Defendants.

19 |
20 |
21 | I, Barry Rosen, declare as follows:
1.     I am the Pro Per Petitioner in this matter, I could and would testify
22 | competently to the facts set forth in this Declaration.
2.     While I am now represented by Counsel in this Action, because a notice of
23 | substitution has not yet been filed and because counsel has not yet been
24 | subsitituted in by court order, I have had now to file this Opposition myself in pro
per (and as counsel of record) due to the courts deadline pursuant to Paragraph 10
25 | of its standing order.
26 | 3.     My notification on February 1, 2018 to counsel for Co-Defendant City of
27 | Santa Monica ("CSM") regarding retention of Counsel in this Action was in

28 | DECLARATION OF BARRY ROSEN IN SUPPORT OF PLAINITFF'S OPPOSITION TO DEFENDANTS EX
PARTE APPLICATION TO EXTEND TIME

1

1   response to a January 30, 2018 email request to meet and confer pursuant to local

2   rule 7-3 and was required under state bar rules as they could no longer

    communicate with me as a represented party. Attached hereto as Exhibits 1 and 2

3   area true and correct copies of the January 30, 2018 email and February 1, 2018

4   responses thereto.

5   4.      At the time of my notification to counsel for CSM, I had not received any
    communications whatsoever from counsel for Co-Defendant Federal Aviation

6   Administration ("FAA") that would have prompted me to make such a

7   communication/notification to the FAA related to substation of counsel.
    Regardless, I am aware that they would receive such notification upon the filing of

8   the Notice of Substitution by new counsel on the courts ECF system.

9   5.      As demonstrated by the January 30, February 1 and 2 2018 emails (see
    Exhibits 1,2 and 3), the meet and confer requested was always for February 5th,

10  2018. It was never scheduled for February 3rd, 2018 as is (incorrectly) asserted by

11  Mr. Feldon in his Ex Parte Application. Attached hereto as Exhibit 3 is a true and
    correct copy of a February 2, 2018 email forwarded to me by counsel showing a

12  confirmation for meet and confer for February 5, 2018 at 10am. It should be noted

13  that Mr. Feldon was never included in any of the communications about the
    February 5th meet and confer.

14
    6.      As demonstrated by Exhibit 3, I was personally aware of the fact that the

15  meet and confer with counsel for Co-Defendant CSM was ultimately scheduled to

16  happen at 10am on February 5, 2018.

17  7.      The meet and confer with counsel for Co-Defendant CSM, did in fact take
    place on February 5th, 2018 at 10am by telephone and I was a party to that

18  telephone conference at the office of my new counsel, Gustavo Lamanna.

19  8.      As part of that telephone conference on February 5th, 2018, counsel for Co-
    Defendant CSM was specifically asked by my counsel, Gustavo Lamanna, if

20  Counsel for the FAA would be participating. In response, they indicated that Mr.
    Feldon was not included as part of their telephonic meet and confer pursuant to 7-3.

21
    9.      I am aware that Mr. Feldon never made a meet and confer request, nor

22  actually met and conferred at least 7 or more days prior to the date that a response

23  filing is currently due (February 12, 2018) as required under Local Rule 7-3 and is
    therefore FAA Defendants precluded themselves from doing anything but filing an

24  answer to Plaintiff's Second Amended Complaint. Furthermore, Mr. Feldon fails to

25  demonstrate how a motion to dismiss will resolve the Action and has never
    provided any facts as to what issues may exist or might be waived even if he were

26  still allowed do a meet and confer.

27

28  DECLARATION OF BARRY ROSEN IN SUPPORT OF PLAINITFF'S OPPOSITION TO DEFENDANTS EX
                          PARTE APPLICATION TO EXTEND TIME
                                          2

10.     Because I am still listed as counsel of record and because I am not subject to service via the ECF system, Defendant FAA would have needed to have served me with their Ex Parte Application pursuant to both Paragraph 10 of the courts standing order and Fed. R. Civ. P. 5. I have received no such service nor have Defendants FAA filed a proof of service or in any way asserted that they performed service whatsoever.

11.     I am aware that Co-Defendant FAA was served with the courts standing order, along with the First Amended Complaint.

12.     I am aware that Mr. Feldon has consistently shown a lack of regard for all of the rules, including but not limited to the local rules and courts standing order. I am further aware that many of the issues in this Action may be due to negligence on the part of Mr. Feldon himself and as such, that Mr. Feldon may have a serious conflict of interest

13.     I am aware that notice of substitution of counsel will be finally be filed shortly in this Action.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of November 2018, in Los Angeles, California.

Barry Rosen

DECLARATION OF BARRY ROSEN IN SUPPORT OF PLAINITFF'S OPPOSITION TO DEFENDANTS EX PARTE APPLICATION TO EXTEND TIME

3

# Exhibit 1

**Subject:** CSM/Rosen - Meet and Confer Request

**Date:** Tuesday, January 30, 2018 at 12:04:16 PM Pacific Standard Time

**From:** Hazen, Brian L.

**To:** Barry Rosen

**CC:** Walsh, David M., Cave, Matthew

Dear Mr. Rosen:

It was great speaking with you last week, and I hope you enjoyed the weekend.  We've reviewed the Second Amended Petition, and we'd like to set up a time—preferably next Monday morning, February 5—to have a telephone conference about the City's planned motion to dismiss the Second Amended Petition.  Please let us know if you are available Monday morning, and if so, what time would be best.

Thanks,
Brian

**BRIAN L. HAZEN**
Associate | Morrison & Foerster LLP
12531 High Bluff Drive | San Diego, CA 92130-2040
P: +1 (858) 314-7511
mofo.com | LinkedIn | Twitter

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

# Exhibit 2

**Subject:** Re: CSM/Rosen - Meet and Confer Request

**Date:**  Thursday, February 1, 2018 at 5:36:48 PM Pacific Standard Time

**From:**  Gustavo Lamanna (sent by <gustavo.lamanna@gmail.com>)

**To:**  Hazen, Brian L.

**CC:**  Barry Rosen, Walsh, David M., Cave, Matthew

Dear Mr. Hazen:

I have formally come in on this case and look to file a substitution in due course. In the meantime, feel free to copy Mr. Rosen, my actively-involved client, with any communications, as you deem appropriate. Looking forward to our meet and confer on Monday morning, and hopefully, seeing a memorialization of the topics for discussion tomorrow.

By the way, we feel strongly about much of the challenges in Mr. Rosen's SAC, would you also be prepared to discuss setting meet and confer dates under Local Rule 7-3 for Mr. Rosen's motion for partial summary judgment?

Sincerely,

..................................................

**Gustavo Lamanna**
**Attorney at Law**
**11599 West Gateway Boulevard**
**Los Angeles, CA 90064**
glamanna@usa.net
310-497-6558 **cell**

On Thu, Feb 1, 2018 at 1:09 PM, Hazen, Brian L. <BHazen@mofo.com> wrote:

> Thanks, Mr. Rosen.  I look forward to working with your attorney.
>
>
>
> Best,
>
> Brian
>
>
>
> **BRIAN L. HAZEN**
>
> Associate | Morrison & Foerster LLP
>
> 12531 High Bluff Drive | San Diego, CA 92130-2040
>
> P: +1 (858) 314-7511 | bhazen@mofo.com
>
> mofo.com | blog
>
>
>
> **From:** Barry Rosen [mailto:brlegal-csmfaa@yahoo.com]
> **Sent:** Thursday, February 01, 2018 12:32 PM
> **To:** Hazen, Brian L.
> **Cc:** Walsh, David M.; Cave, Matthew; glamanna@usa.net
> **Subject:** Re: CSM/Rosen - Meet and Confer Request

**- External Email -**

Brian,

In response to your email, counsel will now be stepping in to represent me in this matter. I have passed along your meet and confer request to him. You will now need to address all issues to him directly. He has also been copied on this email.

Regards

Barry

On Tuesday, January 30, 2018 12:04 PM, "Hazen, Brian L." <BHazen@mofo.com> wrote:

Dear Mr. Rosen:

It was great speaking with you last week, and I hope you enjoyed the weekend.  We've reviewed the Second Amended Petition, and we'd like to set up a time—preferably next Monday morning, February 5 —to have a telephone conference about the City's planned motion to dismiss the Second Amended Petition.  Please let us know if you are available Monday morning, and if so, what time would be best.

Thanks,

Brian

**BRIAN L. HAZEN**

Associate | Morrison & Foerster LLP

12531 High Bluff Drive | San Diego, CA 92130-2040

**P:** +1 (858) 314-7511

mofo.com | LinkedIn | Twitter

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended

addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

# Exhibit 3

**Subject:** Fwd: CSM/Rosen - Meet and Confer Request

**Date:** Friday, February 2, 2018 at 3:26:27 PM Pacific Standard Time

**From:** Gustavo Lamanna

**To:** Barry Rosen

Gustavo Lamanna
Mobile 310.497.6558

Begin forwarded message:

> **From:** "Hazen, Brian L." <BHazen@mofo.com>
> **Date:** February 1, 2018 at 10:26:05 PM PST
> **To:** Gustavo Lamanna <glamanna@usa.net>
> **Cc:** "Walsh, David M." <DWalsh@mofo.com>, "Cave, Matthew" <MCave@mofo.com>
> **Subject: RE: FW: CSM/Rosen - Meet and Confer Request**
>
> Dear Mr. Lamanna:
>
> Thanks for your response. 10:00 am on Monday works for us. We will circulate a conference call dial-in for that time and look forward to speaking then. We will raise and discuss the issues on Monday as required by the rules, but we won't be providing a list beforehand. Most of the issues are familiar to Mr. Rosen from our last meet and confer session. We can discuss any additional issues on Monday.
>
> As to your request to confer about a motion for partial summary judgment, given the likely overlap of issues with our motion to dismiss, why don't we plan to confer on your proposed motion on Monday as well? If you'd like to schedule dates further out, let us know what works for you and we can coordinate.
>
> We look forward to speaking on Monday at 10:00 am.
>
> Thanks,
> Brian
>
> **BRIAN L. HAZEN**
> Associate | Morrison & Foerster LLP
> 12531 High Bluff Drive | San Diego, CA 92130-2040
> P: +1 (858) 314-7511 | bhazen@mofo.com
> mofo.com | blog
>
> **From:** gustavo.lamanna@gmail.com [mailto:gustavo.lamanna@gmail.com] **On Behalf Of** Gustavo Lamanna
> **Sent:** Thursday, February 01, 2018 5:32 PM
> **To:** Hazen, Brian L.
> **Cc:** Walsh, David M.; Cave, Matthew
> **Subject:** Re: FW: CSM/Rosen - Meet and Confer Request
>
> - External Email -

Dear Mr. Hazen:

Thank you for your e-mail. I look forward to working with you too on this case.

Monday morning for a telephonic meet and confer conference call is acceptable. Would 10am work for you?

As I have just got in on this case, would you kindly prepare and remit to me by 2pm tomorrow a bullet-point and/or summary of the issues for our meet and confer?

Sincerely,

.................................................
**Gustavo Lamanna**
**Attorney at Law**
**11599 West Gateway Boulevard**
**Los Angeles, CA 90064**
glamanna@usa.net
310-497-6558 **cell**

On Thu, Feb 1, 2018 at 1:17 PM, Hazen, Brian L. <BHazen@mofo.com> wrote:
Hello,

Mr. Rosen has informed me that you are his counsel in his lawsuit against our client, the City of Santa Monica. We look forward to working with you.

The City plans to file a motion to dismiss Mr. Rosen's Second Amended Petition on or before February 12, which is our deadline for filing a responsive pleading. Pursuant to Local Rule 7-3, we need to have a conference of counsel seven days before that, or Monday, February 5.

We propose a conference call on Monday morning (2/5) to discuss the City's proposed motion. Please let me know if that morning works for you, and if so, what time you would be available.

Thanks,
Brian

**BRIAN L. HAZEN**
Associate | Morrison & Foerster LLP
12531 High Bluff Drive | San Diego, CA 92130-2040
P: +1 (858) 314-7511 | bhazen@mofo.com
mofo.com | blog

**From:** Barry Rosen [mailto:brlegal-csmfaa@yahoo.com]
**Sent:** Thursday, February 01, 2018 12:32 PM
**To:** Hazen, Brian L.
**Cc:** Walsh, David M.; Cave, Matthew; glamanna@usa.net
**Subject:** Re: CSM/Rosen - Meet and Confer Request

- **External Email** -

Brian,

In response to your email, counsel will now be stepping in to represent me in this matter. I have passed along your meet and confer request to him. You will now need to address all issues to him directly. He has also been copied on this email.

Regards

Barry


On Tuesday, January 30, 2018 12:04 PM, "Hazen, Brian L." <BHazen@mofo.com> wrote:


Dear Mr. Rosen:

It was great speaking with you last week, and I hope you enjoyed the weekend. We've reviewed the Second Amended Petition, and we'd like to set up a time— preferably next Monday morning, February 5—to have a telephone conference about the City's planned motion to dismiss the Second Amended Petition.  Please let us know if you are available Monday morning, and if so, what time would be best.

Thanks,
Brian

**BRIAN L. HAZEN**
Associate | Morrison & Foerster LLP
12531 High Bluff Drive | San Diego, CA 92130-2040
P: +1 (858) 314-7511
mofo.com | LinkedIn | Twitter


=============================================================
================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.


=============================================================
============

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.