1  CHAD A. READLER
   Principal Deputy Assistant Attorney
2  General

3  NICOLA T. HANNA
   United States Attorney

4  JUDRY SUBAR
   Assistant Branch Director
5

6  GARY FELDON,
   (D.C. Bar No. 987142)
7  Trial Attorney
   U.S. DEPARTMENT OF JUSTICE
8  Civil Division, Federal Program Branch
   20 Massachusetts Avenue NW
9  Washington, D.C. 20530
   Tel:  202.514.4686
10 Fax:  202.616.8470
   Email: gary.d.feldon@usdoj.gov

11 Attorneys for Defendants
   UNITED STATES and FEDERAL
12 AVIATION ADMINISTRATION

13

14                 UNITED STATES DISTRICT COURT

15                CENTRAL DISTRICT OF CALIFORNIA

16 BARRY ROSEN, Individually and as a      | Case No.     2:17-cv-07727 PSG(JEMx)
   Private Attorney General,
17                                          | FEDERAL DEFENDANTS'
          Petitioner and Plaintiff,         | OPPOSITION TO PLAINTIFFS' [SIC]
18                                          | EX PARTE APPLICATION FOR AN
          v.                                | ORDER [1] STRIKING
19                                          | DEFENDANT'S [SIC] RULE 12
   UNITED STATES GOVERNMENT,               | MOTIONS [DKT. NOS. 57-63] FOR
20 FEDERAL AVIATION                         | FAILURE TO COMPLY WITH
   ADMINISTRATION, AND CITY OF            | SERVICE PURUSANT [SIC] TO
21 SANTA MONICA,                           | FRCP 5 AND APPLICABLE LOCAL
                                           | RULES, ALONG WITH THE
22        Respondents and Defendants.      | COURTS [SIC] ORDER AND [2]
                                           | RENEWED REQUEST FOR ENTRY
23                                          | OF DEFAULT
24
                                           | Judge:  Honorable Philip S. Gutierrez
25
26
27 Case No. 2:17-cv-07727 PSG(JEMx)                    Federal Defendants' Opposition
                                           to Ex Parte Application to Strike and for Default
28

Defendants United States Government and the Federal Aviation Administration (collectively, the "Federal Defendants") hereby oppose Plaintiffs' [sic] Ex Parte Application for an Order [1] Striking Defendant's [sic] Rule 12 Motions [Dkt. Nos. 57-63] for Failure to Comply with Service Purusant [sic] to FRCP 5 and Applicable Local Rules, along with the Courts [sic] Order and [2] Renewed Request for Entry of Default ("Application").

In the Application, Plaintiff asserts that the Court should strike the Federal Defendants' motion to dismiss, which was timely filed on April 23, 2018, and enter a default against the Federal Defendants on the erroneous theory that the Federal Defendants did not timely serve the motion.  The Court should reject that assertion and deny the Application because:  (1) the Application was improperly filed; (2) Federal Defendants timely served Plaintiff; (3) the Application does not meet the requirements of Federal Rule of Civil Procedure 55(a); (4) the failure to serve Plaintiff concurrently with filing of the motion to dismiss was the result of Plaintiff's own misconduct; and (5) no prejudice resulted from the delay in timely service.

First, Plaintiff has not complied with the Local Rules concerning *ex parte* applications.  Local Rule 7-19.1 makes it

> the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application.

Here, Plaintiff's attorney—who has not yet entered an appearance in this case— did not file the Application.  Rather, Plaintiff filed the Application, claiming to

1

be *pro se*.  Moreover, Plaintiff made no effort to speak with undersigned counsel before filing the *ex parte* application.  Indeed, Plaintiff has never raised any service issues concerning the Federal Defendants' motion to dismiss other than in filings with the Court, and undersigned counsel has repeatedly attempted to arrange a telephone call with Plaintiff's attorney to discuss the matter, without any success to date.  Feldon Decl. ¶ 4.

Second, contrary to Plaintiff's contention, the Federal Defendants have complied with the Court's orders as well as the local and federal rules in filing their motion to dismiss.  Per the Order to Amend Plaintiff's Second Amended Petition, "Defendants shall respond to Plaintiff's Third Amended Petition, by motion or otherwise, on or before April 23, 2018."  ECF No. 55 at 2.  The Federal Defendants in fact filed their response on that date.  *See* ECF No. 58.  The hearing on the Federal Defendant's motion to dismiss is noticed for July 9, 2018, the date Plaintiff's counsel's identified as his preferred date.  *Id.*; *see also* Feldon Decl. ¶ 3.  Per Local Rule 6-1, service "by deposit in the mail" shall be done "not later than thirty-one days before the Motion Day designated in the notice."  Thirty-one days prior to July 9, 2018, is June 8, 2018.  As reflected in the certificate of service filed on May 8, 2018, ECF No. 72, counsel for the Federal Defendants mailed copies of the motion to dismiss to Plaintiff and his attorney on May 3, 2018, more than two months before the hearing on the motion.

Third, Plaintiff has not established his claim, as required by Federal Rule of Civil Procedure 55(a).  That Rule provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  The Federal Defendants did not, however, fail to defend.  They timely filed their motion to dismiss.  ECF No. 58.  Plaintiff admits this, arguing only that the Federal Defendants did not properly effect service.  *See* Application at 4-5.

Given that the Federal Defendants have defended this case, a default is not appropriate.[1]

Fourth, Plaintiff should not benefit from his own wrongdoing. *See generally Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011) (discussing the principles underlying equitable estoppel). Defendants consented to Plaintiff's request for an extension to file his third amended petition based on his representation "that he ha[d] retained counsel to represent him in this matter, and that his counsel [would] be filing a notice of appearance in due course." ECF No. 54 ¶ 9. In fact, Mr. Gustavo Lamanna has been representing Plaintiff in this matter, including in correspondence with the Court, but has not entered an appearance. Feldon Decl. ¶¶ 1, 3. Had Plaintiff's counsel entered an appearance, the Federal Defendants' ECF filing on April 23, 2018, would have been effective service. *See* Local Rule 5-3.2.1; *see also id.* 5-4.2 & (a)(2) (requiring attorneys to register to file via the CM/ECF System absent a court ordered exemption for good cause shown). Instead, Plaintiff has continued to file documents with the Court—

---

[1] In addition, even if Plaintiff were entitled to the entry of a default, he could not obtain a default judgment. Under Federal Rule of Civil Procedure 55(d), "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." As set forth in the Federal Defendants' motion to dismiss, Plaintiff lacks standing to assert his claims, and those claims lack any merit. *See generally* ECF No. 59. Furthermore, upon on a timely motion, the Federal Defendants would be entitled to *vacatur* of any default judgment in light of the strong judicial preference for resolving cases on their merits. *See O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994). In such circumstances, courts routinely deny motions for default because "entry of such default would be futile and would waste the resources of both the court and the parties." *Diamond v. Cnty. of Riverside*, ED CV 14-01922-VBF, 2015 WL 11215850, at *6 (C.D. Cal. Nov. 5, 2015).

including the Application—falsely representing himself as proceeding *pro se*. *See* App. at 10. It was only because undersigned counsel believed Mr. Lamanna had entered an appearance that the Federal Defendants did not mail a copy of their motion to dismiss in addition to filing it by ECF. In any event, service has been properly effected. *See* ECF No. 72.

Fifth, no prejudice has resulted from the delay in service between the Federal Defendants' filing of their motion to dismiss and their service by mail. Plaintiff was clearly aware of the motion to dismiss no later than the day after it was filed, which is when he first asked the Court to enter a default against Defendants. *See* ECF No. 66 at 11. Undersigned counsel would have gladly provided Plaintiff with the filing had Plaintiff asked, and Plaintiff was presumably able to acquire the filing via PACER if he chose to do so. Moreover, Plaintiff still has ample time to respond to the motion. He may timely oppose the Federal Defendants' motion to dismiss up until twenty-one days before the hearing on the motion, L.R. 7-9, giving him until June 18, 2018. If Plaintiff contends that this is insufficient time, the Federal Defendants remain willing to stipulate to a reasonable extension.

For the foregoing reasons, the Court should deny the Application.

Dated: May 8, 2018                              Respectfully submitted,

                                                CHAD A. READLER
                                                Principal Deputy Assistant Attorney General

                                                NICOLA T. HANNA
                                                United States Attorney

                                                JUDRY SUBAR
                                                Assistant Branch Director

                                                 */s/ Gary D. Feldon*
                                                GARY FELDON,
                                                (D.C. Bar No. 987142)
                                                Trial Attorney
                                                U.S. DEPARTMENT OF JUSTICE

Civil Division, Federal Program Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530
Tel:   202.514.4686
Fax:  202.616.8470
Email: gary.d.feldon@usdoj.gov

*Attorneys for Federal Defendants*