LANE DILG (SBN 277220)
City Attorney
Lane.Dilg@smgov.net
IVAN O. CAMPBELL (SBN 216049)
Deputy City Attorney
Ivan.Campbell@smgov.net
1685 Main Street, Third Floor
Santa Monica, California 90401-3295
Tel: 310.458.8336; Fax: 310.393.6727

DAVID M. WALSH (SBN 120761)
DWalsh@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Tel: 213.892.5200; Fax: 213.892.5454

Attorneys for Defendant
CITY OF SANTA MONICA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARRY ROSEN, Individually and as a Private Attorney General,<br><br>  Petitioner and Plaintiff,<br><br>  v.<br><br>UNITED STATES GOVERNMENT, FEDERAL AVIATION ADMINISTRATION, AND CITY OF SANTA MONICA,<br><br>  Respondents and Defendants. | Case No.   2:17-cv-07727 PSG(JEMx)<br><br>**DEFENDANT CITY OF SANTA MONICA'S OPPOSITION TO PLAINTIFF'S EX-PARTE APPLICATION FOR AN ORDER STRIKING MOTION TO DISMISS**<br><br>Motion to Dismiss Hearing Date:<br>July 9, 2018<br>Time: 1:30 p.m.<br>Hon. Philip S. Gutierrez<br>Courtroom: 6A<br><br>Third Amended Petition Filed:<br>March 19, 2018 |

## I. PLAINTIFF HAS BEEN SERVED WITH DEFENDANT'S MOTION IN ACCORDANCE WITH LOCAL RULE 6-1

Plaintiff Barry Rosen's Ex Parte Application for an order striking Defendant City of Santa Monica's ("City") Motion to Dismiss the Third Amended Petition (ECF No. 57) should be denied because Plaintiff has been served with the City's motion papers in a manner consistent with this Court's orders. Plaintiff is a pro-se litigant who is not a registered with the CM/ECF system. The manner for serving Plaintiff with the City's motion, the hearing for which is currently set on the Court's calendar for July 9, 2018, is provided by the Court's Standing Order ("Standing Order") (ECF No. 18). The Standing Order requires that "[m]otions be filed in accordance with Local Rules 6 and 7." (Standing Order, pg. 3) Central District Local Rule 6-1 (Notice and Service of Motions) provides that:

> "The notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing, and shall be served on each of the parties electronically or, if excepted from electronic filing, either by deposit in the mail or by personal service. *If mailed, the notice of motion shall be served not later than thirty-one (31) days before the Motion Day designated in the notice.*" (L.R. 6-1) (emphasis added).

The City has complied with L.R. 6-1. On May 8, 2018, the City served Plaintiff in this matter, this time by way of certified U.S. Mail at his home address of 136 South Clark Drive, No. 5, Los Angeles, CA 90048, with the following documents:

1. City of Santa Monica's Notice of Motion and Motion to Dismiss Verified Third Amended Petition;
2. City of Santa Monica's Request for Judicial Notice in Support of

1          Motion to Dismiss Verified Third Amended Petition;

2     3.     [Proposed] Order Granting Defendant City of Santa Monica's Motion

3          to Dismiss Verified Third Amended Petition; and

4     4.     Declaration of Ivan O. Campbell in Support of Defendant City of

5          Santa Monica's Request for Judicial Notice. (*See* Declaration of Ivan

6          O. Campbell; *see also* ECF No. 71)

7        The City's service of its motion papers upon Plaintiff by U.S. Mail effects service on Plaintiff in accordance with Local Rule 6-1 and with the Court's Standing Order. Plaintiff has been served far in advance of the current hearing date of July 9, 2018, and we are well outside of the 31-day notice requirement set forth in L.R. 6-1. (*Id.*)

      In addition to service by US mail, the City sent Plaintiff a courtesy copy of the City's motion papers by email on April 23, 2018[1]. (Campbell Decl., ¶ 2.) Although Plaintiff has not registered through the ECF system, Plaintiff has communicated with Defendants by email on multiple occasions. (Campbell Decl., ¶ 6)

      The next day, the City served Plaintiff by messenger delivery to Plaintiff's residence on April 24, 2018. (*Id*; ECF Nos. 63, 70) The messenger's declaration to the Court states that he first attempted to contact Plaintiff and then left the City's motion papers at Plaintiff's front door. (ECF No. 70; *see also Doe v. Qi,* 349 F.Supp.2d 1258, 1275 (N.D. Cal. 2004) (court found sufficient service where the messenger made reasonable efforts to leave the papers with the party being served);

---

[1] Plaintiff has stated that he is being advised and/or represented in this matter by attorney Gustavo Lamanna. (Campbell Declaration, ¶ 6.) Mr. Lamanna, who has not filed a notice of appearance with this Court, informed Defendant City by email that the City can communicate with himself and directly with Plaintiff for the purposes of negotiating stipulations and for meet and confer conferences under L.R. 7-3. *Id.* Defendants regularly communicated with both Plaintiff and Mr. Lamanna by email for scheduling the conferences and for negotiating language for the stipulations. *Id.* The City regularly exchanged draft stipulation documents with both Plaintiff and Mr. Lamanna by email. Neither Plaintiff nor his attorney advisor have informed the City that they are unable to receive City's documents by email.

*see also Ali v. Mid-Atlantic Settlement Services, Inc.,* 233 F.R.D. 32, 36 (D.C. Dist. Crt. 2006) ("…Personal service need not be face to face or hand to hand.")

Following the City's mailing of the motion papers by US mail there is no longer any question of whether Plaintiff has been served in the manner consistent with the Court's Standing Order. (ECF No. 71) The instant Ex-Parte Application requesting an order striking the City's motion for lack of service is both premature (outside of 31 days and thus Plaintiff has not been prejudiced) and moot (City served Plaintiff by US mail) at the same time. As such the Application should be denied in its entirety because there is no basis justifying the extraordinary relief of an order striking the City's motion, especially when the Application does not identify any harm or prejudice that Plaintiff has suffered. The Court's Standing Order is clear on this point: "Ex parte applications are solely for extraordinary relief and should be used with discretion." (Standing Order, pg. 8) Plaintiff's lack of discretion by way of this Application—compounded by his disregard for Defendants' and the Court's time and resources—should not be rewarded by the granting of extraordinary relief.

## II. THE CITY IS IN FULL COMPLIANCE WITH THE COURT'S MARCH 21, 2018 ORDER

It comes as no surprise to the City that Plaintiff's Application rests entirely on his misconstruing of the Court's order of March 21, 2018. The "Order to Amend Plaintiff's Second Amended Petition" ("Order") (ECF No. 55) states that the City "shall respond to Plaintiff's Third Amended Petition, by motion or otherwise, on or before April 23, 2018." The City did just that. The City responded per the Order's instruction by filing its responsive pleading to the Petition on or before April 23, 2018. The Order only required that the City choose how it wanted to appear in this matter and for it to make this choice before a certain date, which it did by way of its filing of a Rule 12 motion. The Order does not address service of the responsive

1  pleading. The Court's Standing Order which "controls this case" does that.
2  (Standing Order, pg. 1) Therefore the City's service of its motion on Plaintiff in a
3  manner that satisfies L.R. 6-1 should be sufficient.

4  Plaintiff believes that the word "response", as used in the Order, required that
5  the City serve its motion on Plaintiff on or before April 23, 2018. (Ex-Parte
6  Application, pg. 2) Plaintiff claims that because he was not served, there has been
7  no "response" to his Petition and no appearance by Defendants and as such Plaintiff
8  is entitled to default. (*Id* at 2-3) Plaintiff is incorrect. Plaintiff's interpretation of the
9  Order ignores the Court's recent rejections of his earlier attempts to get a default
10 judgment against both defendants in this case. The Court properly rejected
11 Plaintiff's Application for Entry of Default because responsive pleadings—or
12 Defendants' "response" to the Petition as required by the March 21, 2018 Order—
13 had already been filed. (ECF Nos. 69, 55; *see also Direct Mail Specialists, Inc. v.*
14 *Eclat Computerized Technologies Inc.,* 840 F.2d 685, 689 (9th Cir. 1988) (default
15 cannot be entered when the defendant has filed its response to the complaint
16 because such a response indicates the defendant's intent to defend the action.))

17 The Court was correct to reject Plaintiff's interpretation of its March 21,
18 2018 Order when it declined to enter default against Defendants, and it would be
19 correct again to reject Plaintiff's Ex Parte Application. The Order required that
20 Defendant City choose how it wanted to appear in this matter. (ECF No. 55) The
21 City chose to appear by filing a Rule 12 motion, and the City's choice of
22 appearance was its "response" under that Order. (*Id; see also Direct Mail,* 840 F.2d
23 at 689 ("Normally, an appearance in an action 'involves some presentation or
24 submission to the court.'… But because judgment by default are disfavored, 'a
25 court usually will try to find that there has been an appearance by defendant.'")

26
27
28

Case No. 2:17-cv-07727 PSG(JEMx)     4     CITY'S OPPOSITION TO PLAINTIFF'S EX-PARTE APPLICATION FOR AN ORDER STRIKING MOTION TO DISMISS

## III. THE COURT HAS THE DISCRETION TO EXTEND THE TIME REQUIRED FOR SERVICE ON PLAINTIFF

If the Court were to find that Defendant City has not complied, or even substantially complied, with the March 21, 2018 Order, in its several attempts to serve Plaintiff with its motion papers, the Court has the discretion to modify its own Order to extend the time required for service on Plaintiff. There is good cause for such an order. And even if there were an absence of good cause the Court should still consider whether a permissive extension of time to serve Plaintiff is warranted under the equities of this case. *See Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 341 (7th Cir. 1996); *Espinoza v. United States*, 52 F. 3d 838, 840 (10th Cir. 1995).

The equities of this case warrant denial of Plaintiff's Ex Parte Application. Defendant City made several attempts to serve Plaintiff with its motion papers, finally doing so correctly on May 8, 2018. (ECF No. 71) Plaintiff has suffered no prejudice or any harm from being served with the City's motion papers 63 days in advance of the July 9, 2018 hearing date. Generally, a motion is served at least 14 days before the time specified for hearing. (F.R.C.P. Rule 6(c)) The Court's Standing Order is more generous to the responding party by requiring service of the motion 31 days before the time specified for hearing. Plaintiff has more than double the time for notice of the City's motion required by the Court's Standing Order.

Furthermore, Plaintiff has not litigated his claims against the City in good faith. Plaintiff twice attempted to get a default judgment in this matter and provided absolutely no notice to defense counsel. And now he seeks an order striking the City's response to his Third Amended Petition despite the City agreeing several times to not oppose Plaintiff's amendments to the Petition. (Campbell Decl. ¶ 8.)

Plaintiff is also currently being advised by an attorney that represented to defense counsel that he was going to file in a substitution in the case but never did.

(*Id.*) Instead, defense counsel and Plaintiff's attorney advisor negotiated several stipulations and meet and confer conferences by way of email. (*Id.*) When defense counsel requested that the attorney advisor consent to service of the City's motion and all other documents generated in this litigation by email, he has not responded to the City's request. (*Id.*) Defendant City suspects that Plaintiff is more interested in preserving his ability to contest the City's service of documents upon him. (*Id.*)

Finally, granting Plaintiff's Application will severely prejudice Defendant City. The City's Rule 12 motion, which has been set for a date that works will all parties' schedules, should be heard as noticed. The City will be irreparably prejudiced if this Application is granted and the City's motion is struck.

Dated: May 8, 2018         CITY OF SANTA MONICA

By: /s/ Ivan O. Campbell
IVAN O. CAMPBELL

Attorneys for Defendant
CITY OF SANTA MONICA