BARRY ROSEN
136 S. Clark Dr. #5
Los Angeles, CA 90048
Tel: (323) 653-2043

In Pro Per

Lodged Proposed Order



FILED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BARRY ROSEN, Individually and as a Private Attorney General
Petitioner and Plaintiff,

vs.

UNITED STATES GOVERNMENT, FEDERAL AVIATION ADMINISTRATION, AND CITY OF SANTA MONICA,
Respondents and Defendants.

**Case No. 17-CV-07727-PSG-JEMx**
Honorable Philip S. Gutierrez

**PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER [1] STRIKING DEFENDANT'S RULE 12 MOTIONS [DKT. NOS. 57-63] FOR FAILURE TO COMPLY WITH SERVICE PURUSANT TO FRCP 5 AND APPLICABLE LOCAL RULES, ALONG WITH THE COURTS ORDER AND [2] RENEWED REQUEST FOR ENTRY OF DEFAULT**

Filed concurrently herewith:
**DECLARATION OF BARRY ROSEN**

**(PROPOSED) ORDER**

TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE Plaintiff Barry Rosen ("Plaintiff") will and hereby do apply ex parte for an order striking both of Defendants' Rule 12 Motions (DKT. NOS. 57-63) failure to serve said motion documents on Plaintiff pursuant to FRCP 5(b), Local Rule 5-3.2.1 and the Courts March 21, 2018 Order (DKT 55), and for failure to file required documents pursuant to Local Rule 7-12, Et Al.

## I. INTRODUCTION

In the interest of Judicial economy, Plaintiff has good cause for this ex parte application as both Defendants in this Action failed to comply with the Courts March 21, 2018 Order (DKT 55) order setting a deadline requiring them to "Respond" to Plaintiff's Third Amended Complaint by April 23, 2018, due to failure by both Defendants failure to serve Plaintiff with such responsive pleadings (DKT. NOS. 57-63) pursuant to the requirements under FRCP 5(b) prior to filing such documents (as specifically required under Local Rule 5-3.2.1).

## II. STATEMENT OF FACTS

1. On March 19, 2018, The Parties filed a stipulation that Defendants would "Respond" to Plaintiff's Third Amended Complaint (also filed on March 19, 2018) on or before April 23, 2018 and a proposed order thereon. (Declaration of Barry Rosen ¶ 2).

2. On March 23, 2018, The Court entered an order (DKT. 55) that Defendants were to "Respond" to Plaintiff's Third Amended Complaint on or before April 23, 2018 (Declaration of Barry Rosen ¶ 3).

3. Pursuant to Federal Rules of Civil Procedure 5(a)(1)(B) and 5(a)(1)(D), a "Response" requires that responsive pleadings or a written motion be served pursuant to Federal Rules of Civil Procedure 5(b) (Declaration of Barry Rosen ¶ 4).

4. Prior to filing electronically, pursuant to Local Rule 5-3.2.1, Individuals who are not registered for the CM/ECF System must be served in accordance with F.R.Civ.P. 5, and proof of service on such individuals must be made by declaration in the form required by L.R. 5-3.1.2 (Declaration of Barry Rosen ¶ 5).

5. Plaintiff's is Pro Per and is not registered for the CM/ECF System and must be served Federal Rules of Civil Procedure 5(b)(1)(A) or 5(b)(1)(C) (Declaration of Barry Rosen ¶ 6).

**Defendant City of Santa Monica's Failure to Serve**

6. On April 23, 2018 Defendant City of Santa Monica ("CSM") electronically filed a Rule 12 Motion. As evidenced by Defendant CSM's Proof of Service (DKT. 63) (claiming that Plaintiff would be served), it is clear that Plaintiff ***was not served at all*** prior to the motion being filed on April 23, 2018 as required pursuant to L.R. 5-3.1.2 and F.R.Civ.P. 5. As such, Defendant CSM's filing was wholly deficient/defective for failure to serve the documents on Plaintiff prior to filing (Declaration of Barry Rosen ¶ 7).

7. Defendant CSM's Proof of Service was also the subject to a Deficiency (DKT. 65) as it was also improperly filed (Declaration of Barry Rosen ¶ 8).

8. Pursuant to L.R. 5-3.1.2 and L.R. 7-12, the Clerk/Court should have rejected Defendant CSM Rule 12 Motion Sua Sponte for failure to serve pursuant to F.R.Civ.P. 5, prior to filing (Declaration of Barry Rosen ¶ 10).

9. Because of the deficient/defective motion (and filing related thereto), Plaintiff filed a Request for Entry of Default on April 30, 2018 (DKT. 67 and 68).

10. Plaintiff's Request for Entry of Default was rejected by the clerk on May 2, 2018 (DKT. 69) (Declaration of Barry Rosen ¶ 11).

11. In response to Plaintiff's Request for Entry of Default, Defendant CSM filed a Second Certificate of Service on May 3, 2018 (DKT. 70) in a bad faith

attempt to show that service was done. As evidenced by the Second Certificate of Service and Declaration of Joseph Balderas attached thereto, it is abundantly clear that Plaintiff was ***never served*** (personally or otherwise) with Defendant CSM's Rule 12 Motion papers pursuant to any provision of F.R.Civ.P. 5. (i.e. purportedly leaving a copy a at a door does not qualify as service) (Declaration of Barry Rosen ¶ 12).

12. Plaintiff has ***never*** been served at all Defendant CSM's Rule 12 Motion papers (Declaration of Barry Rosen ¶ 13).

13. Because Defendant CSM failed to serve their Rule 12 Motion papers on Plaintiff prior to filing, they failed to timely plead or otherwise respond to Plaintiff's Third Amended Petition/Complaint.

**Defendant FAA's Failure to Serve**

14. On April 23, 2018 Defendant Federal Aviation Administration ("FAA") electronically filed a Rule 12 Motion. As evidenced by Defendant FAA Proof of Service (Document 59-4), it is clear that Plaintiff ***was not served at all*** prior to the motion being filed on April 23, 2018 as required pursuant to L.R. 5-3.1.2 and F.R.Civ.P. 5. In fact, Defendant FAA fully failed to claim any service at all on Plaintiff. As such, Defendant FAA's filing was wholly deficient/defective for failure to serve the documents on Plaintiff prior to filing (Declaration of Barry Rosen ¶ 14).

15. Defendant FAA also failed to lodge a proposed order pursuant to L.R. 5-4.4.1, which was also the subject to a Deficiency (DKT. 64) (Declaration of Barry Rosen ¶ 15).

16. Pursuant to L.R. 5-3.1.2, L.R. 5-4.4.1 and L.R. 7-12, the Clerk/Court should have rejected Defendant FAA Rule 12 Motion Sua Sponte for failure to serve

pursuant to F.R.Civ.P. 5, prior to filing and failure to lodge a proposed order. (Declaration of Barry Rosen ¶ 16)

17. Again, because of the deficient/defective motion (and filing related thereto), Plaintiff filed a Request for Entry of Default on April 30, 2018 (DKT. 67 and 68) (Declaration of Barry Rosen ¶ 17).

18. Again, Plaintiff's Request for Entry of Default was rejected by the clerk on May 2, 2018 (DKT. 69) (Declaration of Barry Rosen ¶ 18).

19. Plaintiff has ***never*** been served at all Defendant FAA's Rule 12 Motion papers (Declaration of Barry Rosen ¶ 19).

13. Because Defendant FAA failed to serve their Rule 12 Motion papers on Plaintiff prior to filing, they failed to timely plead or otherwise respond to Plaintiff's Third Amended Petition/Complaint.

## III. ARGUMENT

### A. Failure to Serve documents prior to filing Motion(s)

As noted above, both of Defendants' Proofs of Service filed in conjunction with their Rule 12 Motion papers [DKT. NOS. 57-63] are wholly defective due to the fact that they do not claim that Plaintiff was actually served by any method or personal knowledge thereof, nor do they assert service on Plaintiff by any method whatsoever that is in compliance with the service requirements pursuant to F.R.Civ.P. 5(b) as will be further discussed below.

Prior to filing electronically, pursuant to Local Rule 5-3.2.1, Individuals who are not registered for the CM/ECF System must be served in accordance with F.R.Civ.P. 5, and proof of service on such individuals must be made by declaration in the form required by L.R. 5-3.1.2 *(emphasis added)*. As Plaintiff is not registered for the CM/ECF System, Plaintiff must therefor be served in accordance with F.R.Civ.P. 5 prior to the filing of such motions. It is clear from both

Defendants filings that Plaintiff was never served with either of Defendants Motions. Furthermore, Defendant FAA makes no claim of service on Plaintiff whatsoever. As such, the Clerk had a ministerial duty to reject Defendants filings for failure to serve pursuant to F.R.Civ.P. 5 and to comply with L.R. 5-3.2.1, but has not done so.

**B. Failure to comply with FRCP 5(b)**

Under the Federal Rules of Civil Procedure, manner of service of process is addressed in Rule 5. Rule 5 specifies the procedure to be followed when serving other papers (than a complaint). Rule 5 contains provisions for personal (hand) service (b)(2)(A), substituted service (b)(2)(B), and service by mail (b)(2)(C), Rule 5 does not contain any provision for what Defendants CSM have now listed in their Second Certificate of Service on May 3, 2018 (DKT. 70) as "left package at front door" when Plaintiff wasn't home (see Magnuson v. Video Yesteryear, 85 F.3d 1424,13 1430-1431 (9th Cir.1996) holding that Federal Express does not satisfy the requirements of Rule 5(b)).

In order to constitute personal service pursuant to Rule 5(b)(2)(A), Defendant CSM would need to demonstrate that the documents were actually handed directly to Plaintiff and a proof of service attesting to that fact is completed by the person who actually served the documents and such proof is filed with the court. As there is no such proof of personal (hand) service on file with the court, Defendants cannot demonstrate actual service. Furthermore, the claim in Defendants CSM's first Proof of Service (DKT. 63) that they "will serve" also does not demonstrate compliance in any way, shape or from with the requirements of Rule 5. Again, Defendant FAA makes no claim of any service on Plaintiff whatsoever.

As Plaintiff has been never been served with either of Defendants Motion documents pursuant to the methods specified under Rule 5 and because the required proofs of service under L.R. 5-3.1.2 are fully deficient for lack of such service, the court should now strike both of Defendants Rule 12 Motions and all documents related thereto for failure to serve them prior to filing (and or to serve them at all) pursuant to L.R. 7-12.

**C. Failure to comply with Local Civil Rules 5-3.2.1, 5-3.1.2 and 5-4.4.1**

As previously discussed above, Local Civil Rule 5-3.2.1 provides that Prior to filing electronically, Individuals who are not registered for the CM/ECF System must be served in accordance with F.R.Civ.P. 5, and proof of service on such individuals must be made by declaration in the form required by L.R. 5-3.1.2 and filed with the motion *(emphasis added)*. Defendants were both fully aware (and were also on specific notice) of the fact that Pro Per Plaintiff is not registered for the CM/ECF System, and must therefor be served in accordance with F.R.Civ.P. 5 prior to the filing of such motions, yet both fully failed to do so. Such is abundantly clear from both Defendants filings, which clearly show that Plaintiff was never served with either of Defendants Motions and in the case of Defendant FAA, there is no consideration for service of Plaintiff whatsoever. Thus, Defendants were in fact precluded from filing their motions in the first instance for failure to service Plaintiff. Moreover, the Clerk had a ministerial duty to reject Defendants filings for failure to serve pursuant to F.R.Civ.P. 5 and to comply with L.R. 5-3.2.1 and L.R. 5-3.1.2, but has not done so.

Defendant FAA also failed to comply with L.R. 5-4.4.1 by lodging a proposed order, which was also the subject to a Deficiency (DKT. 64) by the Clerk.

As a result of the fact that Defendants filed their respective Motions without having first complied with their service obligations under Local Civil Rules 5-3.2.1

and 5-3.1.2 and F.R.Civ.P. 5 and given that Defendant FAA failed to lodge a proposed order under L.R. 5-4.4.1 the court should now strike both of Defendants Rule 12 Motions and all documents related thereto pursuant to L.R. 7-12, for failure to serve them on Plaintiff prior to filing (and or to serve them at all) and for failure to lodge an order and/or comply with the local rules.

**D. Failure to comply with the courts March 23, 2018 order**

As discussed above, pursuant to the parties March 19, 2018 stipulation, on March 23, 2018, The Court entered an order (DKT. 55) that Defendants were to "Respond" to Plaintiff's Third Amended Complaint on or before April 23, 2018.

As also discussed above, Pursuant to Federal Rules of Civil Procedure 5(a)(1)(B) and 5(a)(1)(D), a "Response" requires that responsive pleadings or a written motion be served pursuant to Federal Rules of Civil Procedure 5(b). Furthermore, Local Civil Rule 5-3.2.1 makes it abundantly clear that such service must be done pursuant to F.R.Civ.P. 5(b) on individuals (such as Pro Per Plaintiff) who have not users of the CM/ECF System.

Because neither Defendant served Plaintiff with any responsive documents as required under F.R.Civ.P. 5 and L.R. 5-3.2.1, the "Responsive" filings were in fact deficient/defective and untimely pursuant to the Courts order and therefore must be rejected by the court on that basis. Thus, because Defendants have failed to comply with their respective obligations under F.R.Civ.P. 5 and L.R. 5-3.2.1, et al, along with the Courts March 23, 2018 order, Defendants have failed to timely respond to Plaintiff's Third Amended Complaint and therefore, Pursuant to L.R. 7-12, the Court should now reject both Defendants Rule 12 Motions and also enter Default for failing to timely "Respond."

**E. Entry of Default is now appropriate**

As outlined above, Defendants have failed to demonstrate any valid service of process whatsoever of their respective Rule 12 Motions and in so doing, violated numerous rules and a court order. In so doing, their "Responsive" filings were in fact deficient/defective and untimely pursuant to the Courts order and therefore must be rejected/struck by the court on that basis and thus an entry of default is now appropriate for such violations and/or specifically due to the failure to serve the documents. Therefore, both of Defendants Rule 12 motions should now be struck and entry of default should be granted.

**F. Judicial Economy**

Plaintiff brings this Ex Parte Application in the overall interest of Judicial Economy due to the serious deficiencies/defects by Defendants due to a complete lack of service of their respective motions and failure to follow the local rules related thereto. Because of Plaintiff's various upcoming travel and other business commitments, Plaintiff's first opportunity to address those deficiencies/defects on regularly scheduled motion would be on the currently scheduled July 9, 2018 hearing date. As Plaintiff currently plans on bringing at least three (3) cross motions for that date, along with having to brief the oppositions to Defendants untimely, deficient/defective motions, Plaintiff believes that it is in the best interest of Judicial Economy to bring this issue to the courts attention at this time in order to avoid the Court (and the parties) having to deal with as many as five (5) motions/cross motion briefings that may be unnecessary due to defendants failure to serve Plaintiff. Moreover, Plaintiff believes that the issue of service (or lack thereof as the case may be) is a highly appealable issue (see Magnuson v. Video Yesteryear) and that any litigation that may now ensue, will likely be negated on appeal to the ninth circuit. Thus, in the interest of Judicial Economy, the court

should now strike Defendants motions for failing to comply with Rule 5 and L.R. 5-3.2.1.

## IV. NOTICE

Pursuant to L.R. 7-19 and the the Courts standing order, Plaintiff has given notice of this application (and response time) by sending a copy of this application and all supporting documents to opposing counsel, Ivan Campbell and Gary Feldon by faxed and email (Declaration of Barry Rosen ¶ 20).

## V. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the court issue and order striking Defendants' Rule 12 Motions (DKT. NOS. 57-63) for failure to serve said documents on Plaintiff pursuant to FRCP 5(b) and failure to comply with Local Civil Rules 5-3.2.1, 5-3.1.2 and 5-4.4.1.

Respectfully submitted,

Dated: May 7, 2018

Plaintiff Barry Rosen, In Propria Persona