UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-7727-PSG (JEMx) | Date | May 9, 2018 |
|---|---|---|---|
| Title | Barry Rosen v. United States Government, Federal Aviation Administration, and City of Santa Monica | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   **The Court DENIES Plaintiff's Ex Parte Application for Order Striking Defendants' Rule 12 Motions**

Before the Court is Plaintiff Barry Rosen's ("Plaintiff") ex parte application for an order striking Defendants United States Government and Federal Aviation Administration and City of Santa Monica's ("Defendants") motions to dismiss. Defendants opposed, *see* Dkts. # 73 ("*Gov. Opp.*"), 74 ("*City Opp.*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court **DENIES** Plaintiff's application.

I.   Background

In January 2017, the City of Santa Monica entered into a Consent Decree with the Federal Aviation Administration ("FAA"), which provided, among other things, for an operational runway length of 3,500 feet at the Santa Monica Airport; Plaintiff filed suit seeking to invalidate the 2017 Consent Decree. *See* Dkt. # 1, *Complaint*. On April 30, 2018, Plaintiff filed an application for entry of default. *See* Dkt. # 67. That application was rejected because both Defendants had already filed motions to dismiss. *See* Dkts. # 69, 57, 58. Plaintiff now files an ex parte application to strike those motions for failure to comply with proper service.

II.   Legal Standard

The law on *ex parte* applications is well-settled in the Ninth Circuit: In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-7727-PSG (JEMx) | Date | May 9, 2018 |
|---|---|---|---|
| Title | Barry Rosen v. United States Government, Federal Aviation Administration, and City of Santa Monica | | |

result of excusable neglect. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Additionally, the Court's Standing Order requires strict compliance with the *Mission Power* standard and makes clear that "[e]x parte applications are solely for extraordinary relief." *Standing Order* ¶ 10.

III.   Discussion

Defendants' motions to dismiss are set for hearing on July 9, 2018. *See* Dkts. # 57, 58. As the United States and FAA Defendants note, "Plaintiff still has ample time to respond to the motion. He may timely oppose the Federal Defendants' motion to dismiss up until twenty-one days before the hearing on the motion, L.R. 7-9, giving him until June 18, 2018. If Plaintiff contends that this is insufficient time, the Federal Defendants remain willing to stipulate to a reasonable extension." *Gov. Opp.* 4. Plaintiff claims that an ex parte application is appropriate because, due to his "various upcoming travel and other business commitments," it is "in the overall interest of Judicial Economy to bring this issue to the courts [sic] attention at this time in order to avoid the Court (and the parties) having to deal with as many as five (5) motions/cross motion briefings" on the scheduled hearing date. *App.* 9.

Plaintiff fails to establish (or even argue) that he will be irreparably prejudiced if the motions are heard according to regular noticed motion procedures, and accordingly does not satisfy the *Mission Powers* standard justifying extraordinary relief.

Moreover, Plaintiff failed to satisfy the notice requirements for an ex parte application. Local Rule 7-19.1 requires that "the attorney filing an *ex parte* application shall make a reasonable, good faith effort to orally advise counsel for other parties, if known, of the date and substance of the proposed *ex parte* application, and shall advise the Court of any efforts to contact opposing counsel." L.R. 7-19.1. Plaintiff failed to notify opposing counsel that he would file an ex parte application as required by the Rule. *Gov. Opp.* 1?2; *see also* Dkt. # 73-1, *Declaration of Gary Feldon* ("*Feldon Decl.*") ¶ 4.

IV.   Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's ex parte application.

**IT IS SO ORDERED.**