JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7727 PSG (JEMx) | Date | July 5, 2018 |
|---|---|---|---|
| Title | Barry Rosen v. United States Government, Federal Aviation Administration, and City of Santa Monica | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**     The Court GRANTS Defendants' motions to dismiss and RENDERS MOOT Plaintiff's motion for partial summary judgment

Before the Court is Defendants the City of Santa Monica, Federal Aviation Administration, and United States Government's ("Defendants") motions to dismiss, *see* Dkts. # 57 ("*SM Mot.*"), 58 ("*Fed. Mot.*"),[1] and Plaintiff Barry Rosen's ("Plaintiff") motion for partial summary judgment, *see* Dkt. # 80 ("*MSJ*"). Plaintiff filed oppositions to the motions to dismiss, *see* Dkts. # 98 ("*Fed. Opp.*"), 99 ("*SM Opp.*"), and Defendants replied, *see* Dkts. #102 ("*Fed. Reply*"), 106 ("*SM Reply*"). Defendants filed oppositions to the motion for partial summary judgment, *see* Dkts. # 92 ("*Fed. MSJ Opp.*"), 94 ("*SM MSJ Opp.*"), and Plaintiff replied, *see* Dkts. # 109 ("*SM MSJ Reply*"), 110 ("*Fed. MSJ Reply*"). The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving, opposing, and reply papers, the Court **GRANTS** Defendants' motions to dismiss, and Plaintiff's motion for summary judgment is **RENDERED MOOT**.

I.    Background

     A.    Factual History

The complex background and procedural history of this case is long, involving multiple other cases, courts, and agencies, and centers on the ongoing disputes about the Santa Monica Airport ("SMO" or "the Airport), its use, and its future. Plaintiff recounts the major events in the Airport's roughly one-hundred year history, including ownership, control, and usage. *See*

---

[1] Defendants Federal Aviation Administration and United States Government (collectively, "the Federal Defendants") filed a joint motion to dismiss.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7727 PSG (JEMx) | Date | July 5, 2018 |
|---|---|---|---|
| Title | Barry Rosen v. United States Government, Federal Aviation Administration, and City of Santa Monica | | |

*generally* Dkt. # 56, *Third Amended Complaint* ("*TAC*"). The Court does not find it necessary to detail the Airport's entire history here, and will address only the facts it deems relevant to the present motions.

In 1981, the Santa Monica City Council adopted a resolution that announced its "intention to close SMO as soon as legally possible." *SM Mot*. 3. Soon after, Defendant the City of Santa Monica ("the City") adopted a new "Master Plan" for the Airport in 1983, resulting in Defendant Federal Aviation Administration ("FAA") bringing enforcement actions against the City. *Id*. In response to these actions, the parties began negotiations which culminated in a settlement agreement ("the 1984 Agreement"). *TAC* ¶ 19; *SM Mot*. 3. The 1984 Agreement released land restrictions on portions of the Airport for non-aviation purposes and specified that it was required to operate as an airport only until July 1, 2015. *TAC* ¶ 19; *SM Mot*. 3. In 1994, the City accepted its last federal grant under the contractual requirement that the Airport would continue to operate for another twenty years, or until June 29, 2014. *SM Mot*. 3. As the 2015 date approached, the City Council in December 2010 decided to initiate a "comprehensive public process" regarding the Airport. *Id*. In April 2013, the process report concluded that the "status quo at the Airport was not acceptable to residents." *Id*. 3–4.

The growing public concern, confirmed by the report's findings, ignited a legal battle between the City and federal government over myriad issues regarding the Airport. *Id*. In October 2013, in an effort to take control of those issues, the City filed a quiet title action ("the Quiet Title Action") against the United States seeking a declaratory judgment that the City had unencumbered title to SMO. *See City of Santa Monica v. United States*, *et al.*, 650 F. App'x. 326 (9th Cir. 2016); *SM Mot*. 4; *TAC* ¶ 24. While the Quiet Title Action was pending, the City was involved in several other disputes related to its ability to exercise control over Airport operations and to close SMO. *See SM Mot*. 4. As a result of these disputes, and following a lengthy public process, a Consent Decree between the City and the federal government was proposed, which would: (i) resolve all the outstanding legal disputes between the City and the federal government; (ii) require the City to operate SMO only until December 31, 2028; and (iii) grant the City the right to shorten the runway to 3,500 feet. *TAC* ¶ 27; *Fed Mot*. 4; *SM Mot*. 5. The proposed Consent Decree itself did not dictate the shortening of the runway or the eventual closure of the Airport; it merely set forth a framework for local control of SMO by the City, and granted it *the right* to shorten the runway or close the Airport after 2028. *See SM Mot*. 9.

On January 30, 2017, the City and the federal government executed the Consent Decree. *Id*. 5–6. On February 1, 2017, the Honorable John F. Walter entered an order approving the Consent Decree. *Id*. 6; *Fed. Mot*. 4. Upon entry by the court, the City made the Consent Decree

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7727 PSG (JEMx) | Date | July 5, 2018 |
|---|---|---|---|
| Title | Barry Rosen v. United States Government, Federal Aviation Administration, and City of Santa Monica | | |

publicly available by posting it on the City's website and began to hold public hearings to determine the logistics and details of shortening the Airport's runway. *SM Mot.* 6. Defendants note that Plaintiff was not in attendance at any of the hearings. *Id.*

B. Procedural History

On October 23, 2017, Plaintiff initiated this action by filing a petition for writ of mandate and a complaint for declaratory and injunctive relief, as well as an emergency *ex parte* application for a temporary restraining order, to enjoin the City from shortening the runway. *See* Dkt. # 1, *Complaint*. Three days later, this Court denied Plaintiff's *ex parte* application on multiple grounds. *See* Dkt. # 12; *SM Mot.* 1. Over the course of the following four months (from mid-November 2017 to mid-March 2018), Plaintiff filed a First, Second, and Third Amended Complaint. *See* Dkts. # 28, 44, 56. The City completed the runway shortening project construction on December 23, 2017. *SM Mot.* 8. Defendants now move to dismiss Plaintiff's TAC, and Plaintiff contemporaneously filed a motion for partial summary judgment.

II. Legal Standard

A. 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP") governs the dismissal of a claim at any time prior to final judgment if the court lacks subject matter jurisdiction. It has been a long recognized rule that "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (citations omitted). The plaintiff bears the burden of establishing that subject matter jurisdiction exists. *See Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995). When a claim does not arise under any federal law, it does not pose a federal question under 28 U.S.C. § 1331. *ARCO Envtl. Remediation, LLC v. Dep't of Health and Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).

B. 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City and County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7727 PSG (JEMx) | Date | July 5, 2018 |
|---|---|---|---|
| Title | Barry Rosen v. United States Government, Federal Aviation Administration, and City of Santa Monica | | |

(9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

      B.  <u>Motion for Summary Judgment</u>

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party will have the burden of proof at trial, the movant can prevail by pointing out that there is an absence of evidence to support the moving party's case. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all reasonable inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). The evidence presented by the parties must be admissible. *See* Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

III.  <u>Discussion</u>

Plaintiff seeks declaratory relief, a writ of mandate, and injunctive relief. *See* TAC ¶¶ 117, 134, 144. Specifically, Plaintiff seeks a declaration that the 2013 lawsuit between the City and United States is invalid *ab initio* on six different grounds; a declaration ordering vacatur of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7727 PSG (JEMx) | Date | July 5, 2018 |
|---|---|---|---|
| Title | Barry Rosen v. United States Government, Federal Aviation Administration, and City of Santa Monica | | |

the Consent Decree and portions of the 1984 Agreement between the FAA and the City; a declaration that the signatures on the Consent Decree are not binding; a writ of mandate directing the FAA to comply with the Administrative Procedure Act ("APA") and National Environmental Policy Act ("NEPA"); a writ of mandate directing FAA to ensure the City complies with FAA regulations; a writ of mandate for the City to comply with all environmental obligations under NEPA, the California Environmental Quality Act ("CEQA"), and other regulations; a writ of mandate directing the City to comply with all State and local regulations; a writ of mandate directing the FAA to retain jurisdiction to ensure that the City complies with FAA regulations; a writ of mandate directing the City to choose between fees or a shortened runway; preliminary and permanent injunctive relief to cease any actions related to the Consent Decree; orders or declarations that the City and the FAA violated their ministerial obligations; and fees and costs. *Id.* ¶¶ 144–169.

Plaintiff asserts a wide range of claims that do not form cognizable causes of action, including "Invalid Contract with Outside Counsel," "Santa Monica had absolutely no right to bring an Action pursuant to 28 U.S.C. § 2675, et al.," "The Court Lack Jurisdiction over CSM's Action," "FAA Overstepped its Authority in the 1984 Agreement," "The [Consent] Decree is Invalid ab initio because FAA Overstepped its Authority," "[Consent] Decree is Invalid due to City Council Conflict of Interest," "Violations of the Local Regulations and CEQA," and "Failure to Enforce Federal Regulations Governing Public Airports." *Id.* ¶¶ 30, 34, 40, 45, 51, 97, 102, 111. The Court will attempt to group Plaintiff's allegations into three categories: claims surrounding the alleged violation of federal statutes and regulations; claims related to the 1984 Agreement; and claims involving the Airport litigation, settlement agreement, and Consent Decree. The Court now turns to Defendants' motions to dismiss those claims.

    A.    <u>Defendants' Motions to Dismiss</u>

        i.    *Lack of Subject Matter Jurisdiction*

All Defendants move to dismiss on the grounds that the Court lacks subject matter jurisdiction because Plaintiff lacks standing to bring his claims; they argue that he does not allege a concrete injury, and any possible injury he could have is not redressable by this Court. *See generally Fed. Mot.; SM Mot.* To establish Article III standing, a plaintiff must demonstrate that he (1) "suffer[s] an 'injury in fact' which is (a) concrete and particularized and (b) 'actual or imminent, not conjectural or hypothetical,'" (2) "the injury has to be fairly traceable to the challenged action of the defendant," and (3) "the injury will be 'redressed by a favorable decision.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (citations omitted). These three

Case 2:17-cv-07727-PSG-JEM Document 113 Filed 07/05/18 Page 6 of 10 Page ID #:2008

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7727 PSG (JEMx) | Date | July 5, 2018 |
|---|---|---|---|
| Title | Barry Rosen v. United States Government, Federal Aviation Administration, and City of Santa Monica | | |

elements must also be met when a plaintiff seeks relief under the Declaratory Judgment Act. *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669–70 (9th Cir. 2005) ("Requirement that a case or controversy exists under the Declaratory Judgment Act is identical to Article III's").

### a. Federal Claims and Regulations

Plaintiff brings many claims against the Federal Defendants on the basis that they have violated federal statutes and regulations, including the APA, NEPA, and FAA regulations, by, for instance, failing to file the correct claims, failing to allow for the proper amount of time to pass, failing to conduct the required environmental tests, and failing to enforce their own regulations. *See* TAC ¶¶ 56, 70, 111, 148–163. As with all of his claims, Plaintiff must establish injury in fact and redressability to demonstrate that he has standing. *See Lujan*, 504 U.S. at 560.

Plaintiff spends many pages in his TAC detailing the history of the Airport and the litigation surrounding it; he devotes little time to his own relationship to any of those events. He states that as "a licensed pilot. . . [and] a user of the Airport. . . [and] owner of an aircraft based at the airport. . . [that he] has been injured and continues to face damages. . ." *TAC* ¶¶ 1, 9. He does not offer any specifics as to what that injury might be or what his damages are, or how those might be measured. The statement that he is the owner of an aircraft at the Airport is not sufficient to establish a concrete or particularized injury, nor is the conclusory statement that he "has been injured." *See Lujan*, 504 U.S. at 560 ("Injury in fact must be concrete and particularized. . ."). Plaintiff also states that he "is aware of numerous violations of such regulations, including the fact that the City of Santa Monica has been very discriminatory towards aviation in general and has engaged in numerous activities to keep or otherwise exclude aviation interests in general . . ." and that he has been on the "hangar waiting list (which is very long)" for a few years. *Id*. ¶¶ 1, 9, 113. Plaintiff does not describe in any way how he has been discriminated against, nor does he allege any damages or costs he has suffered as a result of being on the hangar waiting list.

In short, Plaintiff has not sufficiently alleged any concrete or particularized injury as a traceable to any of the alleged federal violations, and thus the first and second prongs of the standing inquiry fail.

Furthernmore, to meet the third element, Plaintiff must establish that his harms are redressable by the Court. He falls short here as well. Even if the Court were to find a concrete and traceable injury, Plaintiff must prove that the "injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560. Plaintiff has not explained, for instance, how "vacatur of

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7727 PSG (JEMx) | Date | July 5, 2018 |
|---|---|---|---|
| Title | Barry Rosen v. United States Government, Federal Aviation Administration, and City of Santa Monica | | |

portions of the 1984 Agreement" could redress any injury he might have. *TAC* ¶ 67. In any event, the Court *cannot* redress Plaintiff's alleged injuries; a court has no authority to review a discretionary agency decision regarding enforcement of the agency's regulations. *See Hosseini v. Gonzales*, 471 F. 3d 953, 956 (9th Cir. 2006) ("An agency's discretionary decisions are insulated from judicial review, whereas non-discretionary decisions can be challenged in court."); *People for the Ethical Treatment of Animals, Inc. v. USDA*, 797 F.3d 1087 (D.C. Cir. 2015). "[A]n agency's decision not to take enforcement action should be presumed immune from judicial review under [5 U.S.C.] § 701(a)(2)."); *Heckler v. Chaney*, 470 U.S. 821, 832 (1985).

Plaintiff has thus failed to establish standing to bring claims regarding the Federal Defendants' alleged violations.

### b. The 1984 Agreement

Plaintiff also seeks to invalidate portions of the 1984 Agreement between the City and the FAA regarding certain land on the Airport property being repurposed for non-aviation uses. *See TAC* ¶¶ 126, 146, 155. Plaintiff has not offered any facts about how an agreement made over 30 years ago and resulting in the repurposing of a portion of the Airport's land injured him in any way, nor how any concrete injury could be traced to the 1984 Agreement.

Furthermore, the 1984 Agreement expired in 2015, so even if Plaintiff alleged an injury, the Court could not redress it. Any claim Plaintiff might have arising from the 1984 Agreement is moot. *See ACLU of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 55 (1st Cir. 2013) (affirming dismissal on mootness grounds where plaintiff sought relief against expired agreement).[1]

### c. Airport Litigation, Resulting Settlement, and Consent Decree

Plaintiff seeks to invalidate the entire prior Airport litigation, resulting settlement, and Consent Decree because he takes issue with the shortening of the runway and the future closure of the Airport. *See TAC* ¶¶ 148–156. As with the other claims, Plaintiff has not alleged a concrete injury. *See Fed. Mot*. 11. Rather, he alleges that *other* pilots have been injured by the shortening of the runway, stating that the resulting "very dangerous situation" caused "numerous

---

[1] Defendants also note that any cause of action Plaintiff asserts relating to the 1984 Agreement is time-barred by the statute of limitations; because the Court determines Plaintiff has not alleged any injury and his claims are moot, it need not reach this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7727 PSG (JEMx) | Date | July 5, 2018 |
|---|---|---|---|
| Title | Barry Rosen v. United States Government, Federal Aviation Administration, and City of Santa Monica | | |

problems from [sic] pilots, including but not limited to missed approaches . . . delays at other airports and additional costs to other aircraft operators and or [sic] potential aircraft spacing issues." *Id.* ¶ 66. However, Plaintiff does not allege that he himself experienced any of these issues, and he does not even point to any concrete examples of these "numerous problems" related to *other* pilots. *See id.* ¶¶ 65–66. Plaintiff alleges no injury to himself other than the previously discussed assertion that he owns an aircraft; further, any injury that could arise from the closure of the Airport is far too speculative and distant to confer Article III standing, given that it is over a decade away and is far from a certainty.[1] *See Fed. Mot.* 9–10. The Court agrees with Defendants that Plaintiff has not stated a concrete, particularized, actual, or imminent injury.

Even if Plaintiff had alleged injury, the redressability requirement would not be met here either. Plaintiff seeks to force either the City, the FAA, or a third party to re-lengthen the runway and prevent the Airport from closing in the future. *See generally TAC*. If the Court found the prior litigation, settlement agreement, or Consent Decree to be invalid on any grounds, that would neither result in a reversal of the runway shortening project nor force the Airport to continue operating after 2028. At most, the ownership and control of the Airport and relationship between the City and the FAA would revert back to its previous state before the litigation, settlement, and Consent Decree occurred. *See Fed. Mot.* 10–11. Therefore, any injury to Plaintiff from the runway shortening or future closure would not be redressed by a favorable decision here.

Plaintiff has failed, therefore, to establish Article III standing to bring any of his claims, because he has no concrete injury traceable to Defendants that is redressable by the Court.

        *ii.*    *Private Attorney General*

Plaintiff "also brings this action as a Private Attorney General under the Private Attorney General Doctrine in the public interest for the benefit of other persons similarly affected or

---

[1] Furthermore, the potential closure of the Airport under the Consent Decree can happen, at the earliest, after December 31, 2028. *See SM Mot.* 9–10. Therefore, any potential injury is far too speculative to be addressed at this point in time. *See Marino v. Country wide Fin. Corp.*, 26 F.Supp.3d 955, 960 (C.D. Cal. 2014) ("[A] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'") (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7727 PSG (JEMx) | Date | July 5, 2018 |
|---|---|---|---|
| Title | Barry Rosen v. United States Government, Federal Aviation Administration, and City of Santa Monica | | |

situated. . . due to there being hundreds if not thousands of persons that are similarly affected or situated." *TAC* ¶¶ 1, 10. A plaintiff cannot allege grievances on behalf of the public unless the statute at issue provides him with such authority. *See Angela v. City of Albuquerque*, 1:15-CV-01048 WJ-LF, 2016 WL 10720431, *3 (D.N.M. Feb. 16, 2016) (finding a plaintiff claiming he or she is a private attorney general still must have statutory basis); 31 U.S.C. § 3730(b). Plaintiff does not bring any claims under a statute that qualifies him to act as a private attorney general. *See generally TAC*.

Even if Plaintiff asserted a claim that provided the right to act as a private attorney general, which he does not, he is still not exempt from meeting Article III standing requirements in federal court. *See Mangini v. R.J. Reynolds Tobacco Co.*, 793 F. Supp. 925, 929 (N.D. Cal. 1992) (holding that a state-created statutory right to act as a private attorney general does not confer Article III standing in federal court); *Mortera v. N. Am. Mortg. Co.*, 172 F. Supp. 2d 1240, 1243–44 (N.D. Cal. 2001). The Court has already determined that Plaintiff lacks Article III standing, and he also fails to establish the authority to bring any cause of action as a private attorney general.

   *iii.*  *Conclusion*

Plaintiff has wholly failed to establish that he has standing to bring any of his claims. Therefore, the Court **GRANTS** Defendants' motions to dismiss.

  B.  Plaintiff's Motion for Partial Summary Judgment

Plaintiff filed a motion for partial summary judgment on May 21, 2018, less than a month after Defendants filed their respective motions to dismiss on April 23, 2018. *See* Dkts. # 57, 58, 80. Because the Court grants Defendants' motions to dismiss, it need not address whether the timing of Plaintiff's motion was proper. Plaintiff's motion for partial summary judgment is **RENDERED MOOT**.

IV.  Leave to Amend

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The Court considers whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Generally, dismissal without leave to amend is improper "unless it is clear that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7727 PSG (JEMx) | Date | July 5, 2018 |
|---|---|---|---|
| Title | Barry Rosen v. United States Government, Federal Aviation Administration, and City of Santa Monica | | |

the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Because Plaintiff has already amended his complaint three times and still fails to establish the threshold standing requirement, the Court determines that amendment would be futile. Accordingly, the Court **DENIES** Plaintiff leave to amend.

V. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss without leave to amend. Plaintiffs' motion for partial summary judgment is **RENDERED MOOT**.

This order closes the case.

**IT IS SO ORDERED**.